UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:89-cr-57-FtM-29DNF

RICHARD MORRISON
_____

**OPINION AND ORDER**

     This matter comes before the Court on the following three motions: (1) Defendant's Verified Emergency Plea To Jurisdiction to Correct Nunc Pro Tunc Erroneous Ruling that Defendant Waived a Challenge to the District Court's Exercise of Personal Jurisdiction/Specialty Claim by Failing to Assert the Defense in a Pretrial Motion (Doc. #146); (2) defendant's Motion For Ruling Pursuant to the Ripeness Doctrine United States Constitution Article III, § 2 cl 1 (Doc. #147) and (3) defendant's Motion for a Final or An Appealable Order Pursuant to the Ripeness Doctrine, United States Constitution, Article III, § 2, cl 1 (Doc. #149). Defendant also filed a Notice to the Court and Supplement of Defendant's Nunc Pro Tunc Plea to Jurisdiction Motion (Doc. #148).

     Defendant seeks an order *nunc pro tunc* to March 17, 1994 and June 20, 1991 to correct errors he says the district court made in certain rulings concerning his extradition from Jamaica. Specifically, defendant asserts that the district court found that

he had waived a challenge to the district court's exercise of personal jurisdiction when in fact he had made challenges to the district court's jurisdiction.

The Court must first examine its jurisdiction to entertain defendant's motion.  The authority of the Court is an issue of law.  United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003).  The Court has no inherent power to correct even an illegal order, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure.  Diaz-Clark, 292 F.3d at 1315.

The Eleventh Circuit's March 5, 2003 *per curiam* decision (Doc. #141) succinctly states the relevant background in this case.  Defendant's direct appeal was denied on June 19, 1996.  In rejecting defendant's argument that the district court lacked personal jurisdiction, the Eleventh Circuit stated on direct appeal that defendant "waived a challenge to the court's exercise of personal jurisdiction by failing to assert the defense in a pretrial motion."  (Doc. #141, p. 3.)  In the 2003 decision, the Eleventh Circuit then noted it had previously upheld the dismissal of defendant's subsequent § 2255 motion, and that this Court should have dismissed subsequent challenges as successive and unauthorized § 2255 motions (Doc. #141, pp. 4-5).

The Court finds that the current motion is simply a successive § 2255 motion which has not been authorized by the Eleventh Circuit and therefore must be dismissed.  Defendant seeks to relitigate an

issue which has been decided against him in 1996, and he has not obtained the required approval of the Eleventh Circuit for a successive § 2255 petition.

Defendant's reliance on the *nunc pro tunc* principle is inappropriate in the context of this case. A district court does have jurisdiction to enter a *nunc pro tunc* order to modify the record to accurately reflect what actually happened in the proceedings. United States v. Perez, 151 Fed. Appx. 773, 774-75 (11th Cir. 2005). This, however, is not what defendant is trying to accomplish. Defendant does not argue that the record incorrectly reflects what the court did or found, but rather asserts the court erred in its findings. The Court does not have jurisdiction to make such changes under *nunc pro tunc* principles.

Because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991). The Court finds no other basis of jurisdiction in this case.

In light of the above, defendant's two other motions are moot.

Accordingly, it is now

**ORDERED**:

1.   Defendant's Verified Emergency Plea To Jurisdiction to Correct Nunc Pro Tunc Erroneous Ruling that Defendant Waived a Challenge to the District Court's Exercise of Personal Jurisdiction/Specialty Claim by Failing to Assert the Defense in a Pretrial Motion (Doc. #146) is **DISMISSED.**

2.   Defendant's Motion For Ruling Pursuant to the Ripeness Doctrine United States Constitution Article III, § 2 cl 1 (Doc. #147) is **DENIED as moot.**

3.   Defendant's Motion for a Final or An Appealable Order Pursuant to the Ripeness Doctrine, United States Constitution, Article III, § 2, cl 1 (Doc. #149) is **DENIED as moot.**

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of May, 2008.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
AUSA Molloy
Richard Morrison