UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:89-cr-57-FtM-29DNF

RICHARD MORRISON
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant's Emergency Petition for a Writ of Habeas Corpus Requesting the Fort Myers District Court to Sua Sponte Determine if the Jurisdictional Error Committed by the Article III Judge and United States Magistrate is of Such a Fundamental Character as to Have Rendered Morrison's Pretrial Proceeding Itself Irregular and Invalid Accordingly, Nullify the Trial, Conviction and Sentence (Doc. #155) filed on October 19, 2009. Defendant argues that the Eleventh Circuit Court of Appeals lacked appellate jurisdiction over this criminal case, the District Court plainly exceeded its subject matter jurisdiction, and the courts lacked personal jurisdiction over him.

     All issues in the Emergency Petition have been raised repeatedly by defendant and have been rejected in prior post-conviction orders of this court (Docs. #102, 131, 134, 150) and the Eleventh Circuit Court of Appeals (Docs. #115, 141, 154). To the extent defendant seeks a writ of habeas corpus, his prior habeas petition pursuant to 28 U.S.C. § 2255 was denied by an Order filed on December 4, 1997 (Doc. #102), and the denial was affirmed on

appeal (Doc. #115).  Therefore the current petition is a successive petition for which defendant must obtain permission to file from the Eleventh Circuit before it can be entertained by a district court.  28 U.S.C. § 2255(h).  Since no such approval has been obtained, the petition will be dismissed.

Because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, <u>United States v. Brown</u>, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, <u>United States v. Jordan</u>, 915 F.2d 622, 624-25 (11th Cir. 1990), <u>cert. denied</u>, 499 U.S. 979 (1991).  The Court finds no other basis of jurisdiction in this case.  As the Eleventh Circuit recently stated, defendant is "attempting to file a motion in a criminal case that had long ago ended.  The court therefore lacked jurisdiction to entertain it."  (Doc. #154, p. 5.)

If a notice of appeal is filed from this Opinion and Order, the Court denies a certificate of appealability.  <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000).

Accordingly, it is now

**ORDERED:**

1.  Defendant's Emergency Petition for a Writ of Habeas Corpus Requesting the Fort Myers District Court to Sua Sponte Determine if the Jurisdictional Error Committed by the Article III Judge and United States Magistrate is of Such a Fundamental Character as to

Have Rendered Morrison's Pretrial Proceeding Itself Irregular and Invalid Accordingly, Nullify the Trial, Conviction and Sentence (Doc. #155) is **DISMISSED**.

2. A certificate of appealability is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of October, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Richard Morrison